# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**AUSTIN GRISHAM**                                                   **PLAINTIFF**

**V.**                              **CASE NO. 3:16-CV-00299-NBB-JMV**

**RYAN J. LONGO, ET. AL**                                       **DEFENDANTS**

## ORDER

This matter is before the court on motion of the plaintiff to designate Tennessee Farmers Mutual Insurance Company (hereinafter "TFMIC"), one of his two underinsured motorist carriers, as a nominal party for the purposes of determining whether diversity of citizenship exists in this case. For the reasons discussed below, the motion will be granted.

*Procedural History*

This negligence action was originally filed in this court, premised on diversity jurisdiction, by plaintiff, a Tennessee citizen, against three alleged tortfeasors: one a citizen of Mississippi and two citizens of Texas, who plaintiff claimed were responsible for an automobile accident occurring in Mississippi. The two Texas defendants have since been dismissed.

On October 19, 2017, plaintiff moved, without opposition, to amend his complaint to add his two underinsured motorist carriers as defendants and to seek recovery from them pursuant to the policies. The plaintiff alleged complete diversity among the parties and the amendment was allowed. It was subsequently confirmed, however, that one of the two underinsured motorist carriers, TFMIC, is not diverse (both the plaintiff and TFMIC are citizens of Tennessee).

Upon learning this information, the magistrate judge directed the parties to brief whether the TFMIC's joinder destroyed federal jurisdiction. In response, plaintiff's counsel filed the instant motion arguing that TFMIC was improperly added as a named party and that, in any event, it is merely a nominal party, whose citizenship should be ignored.

In support of its motion, plaintiff argues that the substantive law of Tennessee governs the rights of parties to the TFMIC underinsured motorist policy, and under the governing Tennessee statute:

> Any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle,[1] serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though the insurance company were a party defendant. The company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name; provided, that nothing in this subsection (a) shall prevent the owner or operator from employing counsel of the owner's own choice; and provided, further, that the evidence of service upon the insurance carrier shall not be made a part of the record.

Tenn. Code Ann. § 56-7-1206(a) (footnote added).

TFMIC, in response, states that it is in agreement that Tennessee law governs on the issue of the rights and liabilities of the parties to the subject underinsured motorist policy, and that it is merely a nominal party under Tennessee law. In the next breath, however, TFMIC asserts that it does not agree that it is merely a nominal party if any right it might have under the Tennessee statute to participate in the litigation of this action is abridged by such denomination. Though TFMIC offers no authority in support thereof, it suggests that in the event this court finds TFMIC a mere nominal party, it also holds that the denomination of nominal status will have no effect on any rights TFMIC may otherwise have under the Tennessee statute referenced above.

---

[1] The phrase "uninsured motor vehicle" is deemed, under Tennessee law, to include underinsured motor vehicles such as at issue in the instant case. *Seymour v. Sierra*, 98 S.W.3d 164, 166 (Tenn. Ct. App. 2002).

Following the close of briefing on the instant motion, the court held a telephonic conference on the record wherein TFMIC represented that while it intends, pursuant to the Tennessee statute, to participate in the trial of this case, it will do so only in the name of the tortfeasor (not its own name), and it does not intend to act as primary counsel for the tortfeasor. After the conference, the parties entered a joint stipulation of dismissal of TFMIC as a *named* party defendant.[2]

*Law and Analysis*

Where federal court jurisdiction is based on diversity of citizenship, it is only the citizenship of real parties in interest, and not nominal parties, that is of concern. *Navarro Savings Association v. Lee*, 446 U.S. 458, 461 (1980). In order to ascertain who is a real party in interest, a federal court sitting in diversity applies the choice-of-law principles of the forum state. *Ellis v. Trustmark Builders, Inc.*, 625 F.3d 222, 225 (5th Cir. 2010). The law of the forum in the instant case, Mississippi, directs the court to look to the law of the state with the most contacts, or center of gravity, on matters governed by or arising from contract. *Williamson Pounders Architects PC v. Tunica Cnty., Miss.*, 597 F.3d 292, 296 (5th Cir. 2010) (quoting *Boardman v. United Servs. Auto Ass'n,* 470 So. 2d 1024, 1031 (Miss. 1985)). Based on this approach, a number of factors are considered, including: (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance of the contract; (4) the location of the subject matter of the contract; and (5) the domicile, resident, nationality, place of incorporation, and place of business of the parties. *Boardman,* 470 So. 2d at 1032; *see also Hartford Underwriters Ins. Co. v. Foundation Health*

---

[2] T.C.A. § 56-7-1206 does not, except under limited circumstances, permit the plaintiff to name the uninsured motorist carrier in the complaint, but it has been held that the insurance carrier actually becomes a party defendant when it receives service of process. *Thearp v. Travelers Indemnity Co.,* 504 S.W.2d 763 (Tenn. App. 1972).

*Servs. Inc.,* 524 F.3d 588, 595 (5th Cir. 2008); *Ingalls Shipbuilding v. Fed. Ins. Co.,* 410 F.3d 214, 230–33 (5th Cir. 2005).

In the instant case, the rights and obligations of the parties at issue arise under the TFMIC underinsured motorist policy, and it is undisputed that the policy was negotiated in Tennessee, entered into in Tennessee, is between Tennessee citizens and reflects, itself, that Tennessee law will govern the rights and obligations of the parties thereunder. The conclusion that Tennessee substantive law applies is further supported by several decisions of the Supreme Court of Mississippi, which reached similar results under facts like those in the instant case. *See, e.g., Lowe v. State Farm Mut. Auto. Ins. Co.*, 463 F. App'x 408, 409–12 (5th Cir. 2012) (finding that Tennessee law applies under facts nearly identical to the current suit); *Owens v. Miss. Farm Bureau Cas. Ins. Co.,* 910 So.2d 1065, 1069–72 (Miss. 2005) (finding that Tennessee law applies under similar facts); *O'Rourke v. Colonial Ins. Co. of Cal.,* 624 So.2d 84, 85–88 (Miss. 1993) (finding that Tennessee law applies under facts nearly identical to the current suit); *Boardman,* 470 So.2d at 1034 (finding that Nebraska law applies under similar facts, even though accident occurred in Mississippi); *see also Moore v. United Servs. Auto. Ass'n,* 808 F.2d 1147, 1150–51 (5th Cir. 1987) (reaching a similar result).

Regarding TFMIC's status as real or nominal, the parties have each asserted that Tennessee law dictates that an underinsured motorist carrier is, as a matter of law, nominal. Tennessee law, however, is not so absolute. Instead, under applicable Tennessee law, an uninsured motorist carrier is *not* to be deemed a nominal party, but a real party in interest, under three circumstances: 1) if the insurance carrier has become subrogated to the rights of the insured after payment of the loss; 2) if the insurance carrier is defending a direct action brought against it; or 3) when the insurance carrier assumes primary and visible control of the litigation. *Collins v. Hamby*, 803 F. Supp. 1302,

1305 (E.D. Tenn. 1992); *Broyles v. Bayless*, 878 F.2d 1400, 1405 (11th Cir. 1989); *Johnson v. Hill Bros. Transp.*, 262 F. Supp. 2d 889 (E.D. Tenn. 2003).

Because, as earlier noted, the parties have now stipulated to the dismissal of TFMIC as a named party to this action, and because there is no suggestion here that TFMIC has become subrogated to the rights of the insured, the only issue here is whether TFMIC's presence in the litigation will be visible and whether it will have primary responsibility for the defense of the case.

In light of the recent representation on the record made by TFMIC's counsel to the effect that it will not proceed to trial in its own name but only in the name of the tortfeasor, and it will not have primary responsibility for defense of the tortfeasor, the court finds that TFMIC is rightly deemed to be merely a nominal party in this action. Accordingly, plaintiff's motion is granted.

In so holding, the court makes no ruling as to what rights, if any, in this action TFMIC may have pursuant to the Tennessee statute above cited aside from finding that TFMIC will be permitted to participate in the trial of this action in the name of the tortfeasor in a fashion other than as primary counsel for the tortfeasor.

SO ORDERED this 11th day of September, 2018.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**