**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

---

**AUSTIN GRISHAM**                                                              **PLAINTIFF**

**V.**                                                              **CASE NO. 3:16-CV-00299-NBB-JMV**

**RYAN J. LONGO**                                                              **DEFENDANT**

---

<h2 style="text-align:center">ORDER</h2>

---

This cause comes before the court upon the defendant Ryan Longo's First Motion in Limine. Upon due consideration of the motion, response, and applicable authority, the court finds as follows:

Defendant Longo moves *in limine* to prohibit the plaintiff from mentioning, referring to, or eliciting evidence of insurance; "golden rule," "conscience of the community," "send a message," and other "reptile theory" arguments; and a letter from one of the plaintiff's treating physicians who is not anticipated to testify at trial.

Pursuant to Federal Rule of Evidence 411, the court will exclude evidence that Ryan Longo was insured against liability at the time of the subject accident. The court also finds such evidence should be excluded under Fed. R. Evid. 403, as its probative value, if any, is substantially outweighed by the danger of unfair prejudice toward Longo and would confuse the issues.

The court will not allow evidence in the form of testimony or otherwise or any questions intended to elicit such evidence regarding "golden rule" arguments, appeals to the jury as the "conscience of the community," or any other "reptile theory" arguments. The jurors should be presented with the evidence needed to reach a reliable and accurate verdict, not with appeals to

their personal interests, passion, and bias. *Whiteaker v. Fred's Stores of Tenn., Inc.*, 2011 U.S. Dist. LEXIS 11417; 2011 WL 475012 (N.D. Miss. Feb. 4, 2011).

The defendant also moves to exclude an untimely disclosed letter from one of plaintiff's treating physicians, Dr. Rivera-Tavarez, who is not anticipated to testify at trial. Outside the discovery deadline and shortly before the motion *in limine* deadline, the plaintiff supplemented his discovery responses with said letter. It is anticipated that plaintiff's retained expert, Dr. Howard Katz, will testify at trial as to plaintiff's alleged injuries. The letter in question was sent to Dr. Katz via plaintiff's counsel and indicates agreement with parts of Dr. Katz's report. The letter is not a proper medical record and is not on letterhead representing Dr. Rivera-Tavarez's clinic. The court finds the letter should be excluded as untimely, cumulative, and because it is used improperly to bolster Dr. Katz's opinion in a circular manner, as Dr. Katz asserts he now relies upon this letter from Dr. Rivera-Tavarez who reviewed Dr. Katz's report and agrees with Dr. Katz. This is improper and will not be allowed.

Any remaining matters set forth in the defendant's motion *in limine* will be addressed at trial via objections in the instance such matters arise.

It is hereby **ORDERED AND ADJUDGED** that the defendant's motion *in limine* is **GRANTED**.

This, the 14th day of September 2018.

 /s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE