IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

AUSTIN GRISHAM                                                                                          PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:16-CV-00299-NBB-JMV

RYAN LONGO                                                                                            DEFENDANT

## **MEMORANDUM OPINION AND ORDER**

Presently before the court is Plaintiff Austin Grisham's motion for a new trial. Upon due consideration of the motion, response, exhibits and trial transcript, the court is ready to rule.

### Factual and Procedural Background

On September 11, 2014, Plaintiff Austin Grisham was traveling westbound on Jackson Avenue in Oxford, Mississippi, and rear-ended a vehicle that had abruptly slowed to allow a pickup truck to merge into its lane. After Grisham ran into the back of the vehicle in front of him, Defendant Ryan Longo collided with the back of Grisham's vehicle. Grisham declined medical treatment and drove his vehicle from the scene. The next morning, Grisham went to an urgent care provider for back and head pain allegedly resulting from the motor vehicle collision. On December 28, 2016, Grisham filed his complaint against Longo in this court. The case ultimately proceeded to trial, with the jury's verdict finding no liability on the part of Longo for Grisham's injuries. Subsequently, Grisham filed a motion for a new trial.

### Standard of Review

Federal Rules of Civil Procedure 59 states, "The court may, on motion, grant a new trial on all or some of the issues – and to any party . . . after a jury trial for any reason which a new trial has heretofore been granted in an action at law in federal court. . . ." Fed. R. Civ. P. 59(a)(1)(A). The United States Supreme Court has stated, "The trial judge in the federal system

has . . . discretion to grant a new trial if the verdict appears to him to be against the weight of the evidence." *Byrd v. Blue Ridge Rural Elec. Cooperative, Inc.*, 356 U.S. 525, 540 (1958). The Fifth Circuit Court of Appeals reiterated, "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). Moreover, the trial court's discretion to grant a new trial is broad. The Fifth Circuit Court of Appeals has stated, "If the trial judge is not satisfied with the verdict of a jury, he has the right – and indeed the duty – to set the verdict aside and order a new trial." *Id.*

## Analysis

Plaintiff argues that because Defendant admitted at least partial liability in the pre-trial order and at trial, the jury's verdict in favor of the Defendant is clearly against the weight of the evidence. The pre-trial order, an agreed upon collaboration of both parties' efforts, contained a list of contested issues of fact. The contested issue of fact relevant in the present motion stated as follows: "The amount of plaintiff's damages, if any." Plaintiff argues that this language does not contest whether there were any damages, but in fact presupposes the existence of damages and questions only the extent of the damages. The court, however, interprets the inclusion of the phrase "if any" to qualify "the amount of plaintiff's damages," allowing the jury the option of finding that no damages were caused by Defendant at all.

Plaintiff further maintains the verdict is against the weight of the evidence because Defendant's attorney in opening and closing arguments asked the jury to check "yes" by Verdict Form number one and award damages covering the amount of Plaintiff's one urgent care clinic visit and four visits to physical therapy following the accident. Past medical expenses, however,

were not a factor to consider in awarding damages. Regarding medical expenses, the jury instruction proposed by Plaintiff and given by the court after an unrelated amendment only allowed the jury to consider, "Future reasonable and necessary medical expenses." Jury Instruction No. P-41. Because Plaintiff's visits to urgent care and physical therapy were "past medical expenses," the jury was not allowed to consider them according to the very instructions proposed by the Plaintiff.

The jury checked "no" on Verdict Form question number one which completed their deliberations. The question read,

> Do you find by a preponderance of the evidence that the plaintiff, Austin Grisham, has proven his claim that the defendant, Ryan Longo, was negligent and that such negligence, if any, proximately caused or contributed to the plaintiff's damages?

Verdict Form question number one is binary. The question asks if by a preponderance of the evidence the jury found Ryan Longo was negligent and that this negligence proximately caused Plaintiff's damages. The jury's answer in the negative to this question does not necessarily mean, as Plaintiff asserts, that the jury found the Defendant was *not* negligent. The jury's answer to Verdict Form question number one can be reasonably interpreted to mean that the jury did not find that Defendant's negligence caused the damages Plaintiff seeks.

The evidence presented to the jury was sufficient to lead a reasonable jury to find that Defendant's negligence did not proximately cause Plaintiff's injuries. Plaintiff first hurt his back playing high school lacrosse in 2012 and was prescribed a nonsteroidal anti-inflammatory drug and physical therapy as a result. Further, after declining medical treatment, Plaintiff drove his vehicle away from the scene of the accident at issue in this case. The next morning, Plaintiff went to an urgent care provider for back and head pain. The urgent care provider described Plaintiff's back injury as "an acute worsening of a chronic condition." After four visits over two

weeks to physical therapy, Plaintiff told his physical therapist, his "low back pain has returned to its original, chronic levels prior to the motor vehicle accident." Plaintiff visited the Campbell Clinic in Memphis, Tennessee, two months later in November complaining of back pain, and his doctor's treatment notes read, "when he tries to over exert, he will pay for it." Over one year later, in January of 2016, Plaintiff visited the Campbell Clinic after injuring his back doing abdominal crunches. Grisham again visited the Campbell Clinic in August of 2017 after injuring his back doing squats and bench-presses. Plaintiff's doctor opined in his notes from the August 2017 visit that he believed the reasons for his ongoing back pain was a lack of core endurance.

      The court finds that a reasonable jury could conclude from the evidence presented at trial that Plaintiff suffers from a chronic back condition that began in high school and was exacerbated by the motor vehicle accident and subsequent weight lifting sessions. Plaintiff's condition returned to its "original, chronic levels" as noted in the comments included in the report of his last visit to physical therapy following the accident. After Plaintiff's limited physical therapy, which Plaintiff voluntarily quit early despite having eight more visits scheduled per his physical therapist's treatment plan, Plaintiff's medical records show he hurt himself at least twice in the years following the accident due to lifting weights. Further, in August of 2017, Plaintiff's doctor indicated he believed Plaintiff's condition was related to a lack of core endurance. A jury could, therefore, reasonably find from Plaintiff's medical records and testimony presented at trial that his back injury was more likely caused, and later exacerbated by, voluntary physical activities rather than the motor vehicle collision. The court therefore finds that the jury's verdict is not against the weight of the evidence and that Plaintiff is not entitled to a new trial.

Conclusion

For the foregoing reasons, the court finds that Plaintiff's motion for a new trial is not well-taken and that it should be, and the same is hereby, DENIED.

SO ORDERED AND ADJUDGED this 27th day of August, 2019.

 /s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE